UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STX PAN OCEAN SHIPPING CO.
LIMITED,

      Plaintiff,

- against -

PROGRESS BULK CARRIERS INC.

      Defendant.
------------------------------------------------------------X

04 CV 9728

JUDGE KARAS

RECEIVED
DEC 10 2004
U.S.D.C. S.D.N.Y.
CASHIERS

**VERIFIED COMPLAINT**

The Plaintiff, STX Pan Ocean Shipping Co. Limited, by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, Progress Bulk Carriers Inc., alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code section 1333.

2. At all material times, Plaintiff STX Pan Ocean Shipping Co. Limited (hereinafter "Pan Ocean") was and still is an entity duly organized and existing by virtue of the laws of Korea, with a principal place of business in Seoul, Korea.

3. Upon information and belief, at all material times, Defendant Progress Bulk Carriers Inc. (hereafter "Progress Bulk") was and still is a corporation or other business entity organized and existing by virtue of the law of the Bahamas with a principal place of business in the Bahamas and was the disponent owner of the M/V "KITI."

4. By maritime contract of charter dated November 15, 2004, Pan Ocean chartered the M/V "KITI" from Progress Bulk.

5. During the course of said contract, certain disputes arose between Pan Ocean and Progress Bulk relating to Progress Bulk's performance under said charter.

6. Despite due demand, Progress Bulk has failed to pay or otherwise secure Pan Ocean's claim due and owing to Progress Bulk in the amount of $470,823.58.

7. As a result of Progress Bulk's breach of the aforesaid charter, Pan Ocean has and will continue to suffer damages in the total principal sum of $470,823.58, as best as can now be estimated, exclusive of interest, costs and reasonable attorney's fees.

8. The charter party provides that any disputes arising under the charter party shall be referred to arbitration in the city of London, England.

9. Pan Ocean has already commenced arbitration in London in accordance with the charter party.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Pan Ocean expects to recover the following amounts in the action.

|   |   |   |
|---|---|---|
| A. | On the principal claim: | $470,823.58 |
| B. | 3 years interest at 6% per annum: | $84,748.24 |
| C. | Arbitrator's fees and expenses: | $100,000.00 |
| D. | Attorneys' fees and expenses: | $100,000.00 |
|   | Total: | **$755,571.82** |

11. Progress Bulk cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, Progress Bulk has, or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to the defendant.

12.     Pan Ocean seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter alia*, any assets of Progress Bulk held by the garnishees for the purpose of obtaining personal jurisdiction over Progress Bulk to secure its claim in arbitration.

WHEREFORE, Plaintiff prays:

A.      That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee which are due and owing to the Defendant, in the amount of **$755,571.82** to secure Pan Ocean's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

C.      That this Court retain jurisdiction over this matter through the entry of a final arbitral award and any appeals thereof; and

D.      That Pan Ocean has such other further and different relief as this Court may deem just and proper.

Dated: December 9, 2004
       New York, New York

                                    The Plaintiff,
                                    STX PAN OCEAN SHIPPING CO.
                                    LIMITED

By: _____
Patrick F. Lennon (PL 2162)
Brent Z. Skolnick (BS 0678)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)

## ATTORNEY VERIFICATION

State of Connecticut   )
                       )   ss: SOUTHPORT
County of Fairfield    )

1. My name is Brent Z. Skolnick.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am attorney for the Plaintiff, STX Pan Ocean Shipping Co. Limited, in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the plaintiff is that the plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the plaintiff, all of which I believe to be true and accurate.

Dated: December 9, 2004
       Southport, Connecticut

                                        _____
                                        Brent Z. Skolnick