

| | |
|---|---|
| **Lennon,** | The GrayBar Building     Tide Mill Landing |
| **Murphy &** | 420 Lexington Ave., Suite 300    2425 Post Rd., Suite 302 |
| **Lennon,** LLC | New York, NY 10170     Southport, CT 06890 |
| ATTORNEYS AT LAW | phone (212) 490-6050     phone (203) 256-8600 |
| | fax (212) 490-6070     fax (203) 256-8615 |
| | www.lenmur.com     mail@lenmur.com |

December 4, 2008

***Via ECF***
Hon. Richard J. Sullivan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007-1581

**Re:**  **STX Pan Ocean Shipping Co. Ltd. v. Progress Bulk Carriers Inc.**
Docket Number: 04 Civ. 09728 (RJS)
Our Reference Number: 1073

Dear Judge Sullivan:

      We represent the Plaintiff, STX Pan Ocean Shipping Co. Ltd, in the above captioned matter. As directed by the Order to Show Cause issued by your Honor we submit the instant letter to the Court to respond in writing to the points raised therein.

### (1) Plaintiff satisfied the elements of Rule B at the time the complaint was filed, and continues to satisfy the elements of Rule B

      The Second Circuit Court of Appeals has confirmed that "an attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. N.Y. 2006).

      Plaintiff has squarely met its burden under Rule B. Plaintiff has alleged a prima facie valid maritime claim. Specially, it has alleged that Defendant breached the charter party contract for the motor vessel "KITI" executed by the parties. *See Verified Complaint filed on the ECF docket as Document "1."* Plaintiff has further detailed its claim in its initial arbitration submission. *See copy of arbitration submission annexed hereto as Exhibit "A."*

      In addition, Plaintiff showed that Defendant was not present in the district at the time the Complaint was filed. *See Affidavit in Support of Attachment filed on ECF docket as Document "4."* The date of filing is the operative date for presence in a Rule B context.

      Plaintiff also attested that Defendant's property was, or would soon be in the district, which was proven true. *See Affidavit*, ¶4. Shortly after the attachment was served, garnishee bank Wachovia confirmed that electronic wire transfers belonging to the Defendant had been restrained in New York. *See Answer of Wachovia filed on ECF docket as Document "6."*

The Second Circuit has confirmed that "[u]nder the law of this circuit, EFTs to or from a party are attachable by a court as they pass through banks located in that court's jurisdiction. *See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002)." *Aqua Stoli Shipping Ltd.*, 2006 U.S. App. LEXIS 19302 at 4. In both *Winter Storm* and *Aqua Stoli, supra,* the ex-parte order of attachment was issued upon the reasonable belief that assets of the Defendant would soon be in the district.

The possibility that Defendant's property was not within the district at the exact time the order was issued is of no consequence. *See Winterstorm, supra; see also Aqua Stoli, supra* (holding that that although there were no bank accounts of the defendant in the district at the time the order was signed, service on the garnishee banks and subsequent capture of EFTs flowing through the district was constitutionally sound).

As recently stated by Judge Scheindlin:

"Despite the requirement that a maritime attachment may only be issued upon a showing that "the defendant's property may be found within the district," *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), a Rule B order may issue in anticipation of funds coming into the District at some unknown future time. *See Winter Storm Shipping Ltd Shipping Ltd. v. TPI*, 310 F.3d 263, 273 (2d Cir. 2002).

*See footnote 7 in Memorandum Opinion and Order in Rizzo-Bottiglieri De Carlini Armatori S.P.A. dated October 13, 2008, (08 Civ. 8391 (SAS)) annexed hereto as Exhibit "B."*

Finally, there is no bar, statutory of otherwise, to the attachment. Therefore, as shown above, the requirements of Rule B were met at the time of filing, and continue to be met.

### (2) Plaintiff has a reasonable belief that "tangible or intangible personal property …in the hands of the garnishees named in the process" will continue to be (and come into) in the district

Plaintiff maintains that Defendant's funds are in the district, and will continue to come into the district (and into to the hands of the garnishee banks named in the writ of attachment). Plaintiff's reasonable belief is based on the following facts.

First, several maritime attachments have issued against Defendant on behalf of other creditors since the initiation of Plaintiff's suit here. Pursuant to those other attachments, Plaintiff's property appears to have been consistently attached in New York. Thus, there is evidence that showing that Defendant has a pattern of sending funds into New York. *See Stipulation and Order in Hilal Denizcilik Ticaret Ve Sanayi v. Progress Bulk Carriers and Docket Sheet for Kambanos Maritime Ltd. v. Progress Bulk Carriers showing that several wire transfers have been attached belonging to Defendant in New York annexed hereto as Exhibits "C" and "D."*

Second, Plaintiff is aware that Defendant engages in U.S. dollar transactions. The instant charter party between the parties (as with most charter parties) provided that payments were to

be made in U.S. dollars. All U.S. dollar transactions must flow through the U.S. banking system. Coupled with the fact that there are *very few* banking institutions in the U.S. which deal in this type of electronic funds transfer (the core banks which deal in this sort of transaction are named in the writ of attachment), there is a strong probability that Defendant's assets will come into the district.

Third, the fact that Plaintiff has had numerous wires attached in New York by virtue of Plaintiff's and other creditors' attachments show that Defendant uses many New York banks as foreign correspondent banks for U.S. dollar transactions. Thus, it is clear that the Defendant's assets pass through New York.

And finally, as Progress Bulk Carriers is an active company, it is certain that it enters into contracts on a regular basis. Therefore, the likelihood that the Defendant will send future payments related to its contacts through one of the banks named in the Writ of Attachment is high and bolsters Plaintiff's reasonable belief.

### (3) This action should remain open and be placed on the suspense calendar because Plaintiff has satisfied the elements of Rule B, progressed the arbitration and set forth a time line for moving the arbitration forward

As indicated our prior status report, Plaintiff has now served its claim submission for the arbitration on the Defendant.[1] The London Maritime Arbitrators Association's ("LMAA") arbitration rules state that Defense submissions should be served within 28 days of the claim submissions. Thus, the ball is now in Defendant's court.

In this case, if the Defendant does not serve its Defense submission in the allotted time, Plaintiff's foreign counsel will ask the Tribunal for an Order directing them to do so. After that, Plaintiff's foreign counsel will ask the Tribunal for a peremptory order, and then a final order providing that if the Defendant does not serve its Defence Submission then it should be barred from serving a Defense. After that, if the Defense Submission has yet to be served, Plaintiff's foreign counsel will request that the Tribunal make an award based on the claim submission and the supporting materials. The Tribunal would then review the record and proceed accordingly.

As Plaintiff is moving the arbitration forward and there is a timeline in place for progressing that arbitration towards a final, enforceable award, we submit that it would be improper to dismiss the case, especially, where Defendant's funds are attached in New York and jurisdiction has been perfected, as is the case here. Rather, where funds are attached and the arbitration is progressing, it is appropriate to place the case on the suspense calendar. Once the arbitration award is issued, Plaintiff will request that the action be placed back on the active calendar, and that it be allowed to move to enforce against the funds attached.

While the action remains on the suspense calendar, Plaintiff requests that it be allowed to serve the attachment as it remains under-secured. However, should your Honor find that service

---

[1] The LMAA arbitration rules do not set a deadline for service of claim submissions after the Tribunal has been appointed. Thus, even though time passed between Plaintiff's commencement of arbitration and the service of its submission, Plaintiff was at all times in accordance with the LMAA rules.

3

of the attachment must cease while the case is on the suspense calendar, Plaintiff merely requests to reserve its right to re-serve after the arbitration award is issued, if the amount attached is not sufficient to satisfy the award.

Finally, as requested, please find attached hereto as Exhibit "E" a Declaration from Plaintiff's foreign counsel setting forth the details and timeline of the underlying arbitration.

We thank the Court for considering our request. Should your Honor have any questions or comments we are available to discuss the same at any convenient time to the Court.

Respectfully submitted,

*[signature]*
Nancy R. Siegel

cc: *Via E-mail: sealaw@msn.com*
Jeffrey Weiss
Attorney at Law
Counsel for Defendant
C/O Law Office of James Maloney
33 Bayview Avenue
Port Washington, N.Y. 11050